IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
(LOUISVILLE DIVISION)

BLAIR H. RICE     Plaintiff
942 Ash Street
Louisville, Kentucky 40217

v.

Case No. 3-14-cv-554-S

Judge Senior Judge Charles R. Simpson III

WEST VIRGINIA UNIVERSITY BOARD OF GOVERNERS     Defendants
d/b/a WEST VIRGINIA UNIVERSITY
Office of Student Accounts
P.O. Box 6003, Stewart Hall
Morgantown, West Virginia 26506-6003

    SERVE:     Kentucky Secretary of State

AND

WILLIAMS & FUDGE, INC.
300 Chatham Avenue
Rock Hill, South Carolina 29730

    SERVE:     Kentucky Secretary of State

### VERIFIED COMPLAINT

\*\* \*\* \*\* \*\*

Comes the Plaintiff, Blair H. Rice, by counsel, and for her Verified Complaint against the Defendants, West Virginia University Board of Governors d/b/a West Virginia University ("WVU") and Williams & Fudge, Inc. ("Williams & Fudge"), states as follows:

1

## I. PRELIMINARY STATEMENT

1. This is an action for negligence, defamation, and willful and/or negligent violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 et.seq., against WVU, and for negligent and/or willful violation of the FCRA against Williams & Fudge.

## II. PARTIES

2. Plaintiff, Blair H. Rice, is a citizen of the Commonwealth of Kentucky residing at 942 Ash Street, Louisville, Kentucky 40217.

3. Plaintiff is a "consumer" as that term is defined by the FCRA, 15 U.S.C. §1684a(c).

4. Defendant, WVU is a public university organized under the laws of the state of West Virginia with its principal place of business at Post Office Box 6003, Stuart Hall, Morgantown, West Virginia, 26506-6003.

5. WVU is a "furnisher of information" as that term is used in the FCRA, 15 U.S.C. §1681s-2(b).

6. Defendant, Williams & Fudge is a corporation organized under the laws of the state of South Carolina with its principal place of business at 300 Chatham Avenue, Rock Hill, South Carolina 29730.

7. Williams & Fudge is a "furnisher of information" as that term is used in the FCRA, 15 U.S.C. §1681s-2(b).

## III. JURISDICTION

8. This Court has jurisdiction over this action: (1) pursuant to 28 U.S.C. §1331; (2) pursuant to the FCRA, 15 U.S.C. §1681(p); (3) because the transactions and occurrences giving rise to this action occurred in Jefferson County, Kentucky as a result of the Defendants' debt

collection efforts in Jefferson County, Kentucky; and (4) pursuant to Kentucky's long arm statute, KRS 454.210.

## IV. FACTUAL BACKGROUND

9. Plaintiff was a student at WVU from 2006 to 2010.

10. In 2011, WVU's Office of Student Accounts billed Plaintiff in the amount of $1,052.00 for Plaintiff's alleged enrollment in Journalism 215 at WVU's main campus in Morgantown, West Virginia.

11. Plaintiff never registered for or enrolled in Journalism 215 and so advised WVU's Office of Student Accounts.

12. Despite Plaintiff's non-liability for the alleged debt, WVU's Office of Student Accounts continued to bill Plaintiff for the debt and continued to attempt to collect the debt from Plaintiff.

13. Plaintiff relocated from West Virginia to Louisville, Kentucky in 2011. WVU's Office of Student Accounts continued to attempt to collect the alleged debt from Plaintiff by means of written correspondence to Plaintiff in Louisville, Kentucky and telephone calls to Plaintiff in Louisville, Kentucky.

14. Upon information and belief, at some point in 2011 or 2012, WVU reported the alleged debt to Trans Union as delinquent, thus lowering Plaintiff's credit score.

15. In or around October 2012, WVU assigned the alleged debt to Williams & Fudge for collection. Williams & Fudge repeatedly contacted Plaintiff in Louisville, Kentucky by written correspondence and by telephone to attempt to collect the alleged debt.

16. Upon information and belief, in October 2013, Williams & Fudge reported the alleged debt to Trans Union as delinquent, thus lowering Plaintiff' credit score.

17. As a result of WVU's and William & Fudge's false reports of Plaintiff's alleged delinquency to Trans Union and the consequent lowering of Plaintiff's credit score, Plaintiff has been denied credit and has forgone opportunities to apply for credit.

## V. <u>CLAIMS</u>

### NEGLIGENCE – WVU

18. Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 17 if fully set forth herein.

19. At all relevant times WVU's Office of Student Accounts owed Plaintiff a duty to maintain accurate student accounts and to engage in debt collection efforts only for debts actually owed to WVU.

20. In repeatedly attempting to collect the alleged debt from Plaintiff in both West Virginia and Kentucky, and in reporting the alleged debt to Williams & Fudge and assigning the alleged debt to Williams & Fudge for collection, WVU breached its duty of care to the Plaintiff.

21. WVU's breach of its duty of care to Plaintiff entitles Plaintiff to an award of compensatory damages.

22. WVU's continuing collection efforts and its reporting the alleged debt to Williams & Fudge and assigning the alleged debt to Williams & Fudge for collection, despite Plaintiff repeatedly advising WVU, both verbally and in writing, of her non-liability for the alleged debt, was willful and malicious thus entitling Plaintiff to an award of punitive damages.

### DEFAMATION – WVU

23. Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 22 as if fully set forth herein.

4

24. In assigning the alleged debt to Williams & Fudge for collection, WVU falsely reported to Williams & Fudge that Plaintiff was delinquent on the alleged debt.

25. Given Plaintiff's repeated notices to WVU of her non-liability for the alleged debt, WVU made its false report of delinquency to Williams & Fudge with knowledge of the falsity of the report.

26. Plaintiff has suffered damage to her reputation for creditworthiness due to WVU's false report to Williams & Fudge and has further been damaged by WVU's false report in that she has been denied credit and has forgone opportunities for the extension of credit based on WVU's false report.

27. WVU's defamation of Plaintiff entitles Plaintiff to an award of compensatory and punitive damages.

## NEGLIGENT VIOLATION OF THE FCRA – WVU

28. Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 27 as if fully set forth herein.

29. WVU's false reporting to Trans Union of Plaintiff's alleged delinquency is a violation of WVU's duties as a furnisher of credit information pursuant to the FCRA, 15 U.S.C. § 1681s-2(a) and (b).

30. WVU's continuing failure to correct its false reporting to Trans Union of Plaintiff's alleged delinquency is a violation of WVU's duties as a furnisher of credit information pursuant to the FCRA, 15 U.S.C. § 1681s-2(a) and (b).

31. WVU's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. § 1681o, for which WVU is liable to Plaintiff for Plaintiff's actual damages and for Plaintiff's attorneys' fees.

### WILLFUL VIOLATION OF THE FCRA – WVU

32. Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 31 as if fully set forth herein.

33. WVU's false reporting to Trans Union of Plaintiff's alleged delinquency despite WVU's knowledge of the falsity of its reporting is a willful violation of WVU's duties as a furnisher of credit information pursuant to the FCRA, 15 U.S.C. § 1681s-2(a) and (b).

34. WVU's continuing failure to correct its false reporting to Trans Union of Plaintiff's alleged delinquency despite WVU's knowledge of the falsity of its reporting is a willful violation of WVU's duties as a furnisher of credit information pursuant to the FCRA, 15 U.S.C. § 1681s-2(a) and (b).

35. WVU's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. § 1681n for which WVU is liable to Plaintiff for Plaintiff's actual damages, for punitive damages, and for Plaintiff's attorneys' fees.

### VIOLATION OF THE FCRA – WILLIAMS & FUDGE

36. Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 35 as if fully set forth herein.

37. Williams and Fudge's false reporting to Trans Union of Plaintiff's alleged delinquency is a violation of Williams and Fudge's duties as a furnisher of credit information pursuant to the FCRA, 15 U.S.C. § 1681s-2(a) and (b).

38. Williams and Fudge's continuing failure to correct its false reporting to Trans Union of Plaintiff's alleged delinquency is a violation of Williams and Fudge's duties as a furnisher of credit information pursuant to the FCRA, 15 U.S.C. § 1681s-2(a) and (b).

39. WVU's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. § 1681o, for which WVU is liable to Plaintiff for Plaintiff's actual damages and for Plaintiff's attorneys' fees.

### WILLFUL VIOLATION OF THE FCRA – WILLIAMS & FUDGE

40. Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 39 as if fully set forth herein.

41. Williams & Fudge's false reporting to Trans Union of Plaintiff's alleged delinquency despite Williams & Fudge's knowledge of the falsity of its reporting is a willful violation of Williams & Fudge's duties as a furnisher of credit information pursuant to the FCRA, 15 U.S.C. § 1681s-2(a) and (b).

42. Williams & Fudge's continuing failure to correct its false reporting to Trans Union of Plaintiff's alleged delinquency despite Williams & Fudge's knowledge of the falsity of its reporting is a willful violation of Williams & Fudge's duties as a furnisher of credit information pursuant to the FCRA, 15 U.S.C. § 1681s-2(a) and (b).

43. Williams & Fudge's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. § 1681n for which Williams & Fudge is liable to Plaintiff for Plaintiff's actual damages, for punitive damages, and for Plaintiff's attorneys' fees.

WHEREFORE, Plaintiff, Blair H. Rice, respectfully demands the following:

A. Trial by jury on all issues so triable;

B. An award of all damages to which Plaintiff is entitled, including all compensatory, consequential, statutory, actual, and punitive damages;

C. An award of Plaintiff's costs and attorneys' fees;

D. An award of all pre- and post-judgment interest at the maximum allowable rate; and

E. Any and all other relief to which Plaintiff may be entitled.

Respectfully submitted,

*s/David W. Hemminger*
David W. Hemminger
LYNCH, COX, GILMAN & GOODMAN P.S.C.
500 West Jefferson Street, Suite 2100
Louisville, KY 40202
(502) 589-4994
dhemminger@lynchcox.com

I have read the foregoing document and the statements contained therein are true to the best of my knowledge and belief.

_____
Blair H. Rice