UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

BLAIR H. RICE,                                                                                         Plaintiff,

v.                                                                          Civil Action No. 3:14-cv-554-DJH

WEST VIRGINIA UNIVERSITY BOARD
OF GOVERNORS and WILLIAMS &
FUDGE, INC.,                                                                                        Defendants.

\* \* \* \* \*

### MEMORANDUM OPINION AND ORDER

This matter is before the Court upon Defendant Williams & Fudge, Inc.'s motion to dismiss. (Docket No. 25) In addition, Plaintiff Blair H. Rice has moved for leave to file a second amended complaint. (D.N. 32) For the following reasons, the motion to dismiss will be granted in part and denied in part, and the motion for leave to amend will be denied.

**I.      BACKGROUND**

Blair Rice was a student at West Virginia University (WVU) between 2006 and 2010. Rice claims that WVU improperly billed her $1,052 for a journalism class in which she had not enrolled. When Rice did not pay this charge, WVU referred her account to Defendant Williams & Fudge, Inc. (WFI) for collection. (D.N. 24, PageID # 102-03)

In October 2012, WFI began collection efforts. Rice alleges that WFI reported the alleged debt to Trans Union in October 2013 despite her repeated statements to WFI that she was not liable for the debt. As a result of WFI's actions, Rice asserts, she has been denied credit and her credit score has been adversely affected. (*Id.*, PageID # 103, 106-07)

## II. STANDARD

In deciding a motion to dismiss under Rule 12(b)(6), the Court must determine whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To meet this plausibility standard, a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* If, from the well-pleaded facts, the Court cannot "infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'— 'that the pleader is entitled to relief.'" *Id.* at 679 (alteration in original) (quoting Fed. R. Civ. P. 8(a)(2)). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* And where a proposed amended complaint could not survive a motion to dismiss, amendment is futile and need not be allowed. *SFS Check, LLC v. First Bank of Del.*, 774 F.3d 351, 355 (6th Cir. 2014) (citing *Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010)).

## III. ANALYSIS

Congress enacted the Fair Credit Reporting Act (FCRA) in order "to promote 'efficiency in the Nation's banking system and to protect consumer privacy.'" *Stafford v. Cross Country Bank*, 262 F. Supp. 2d 776, 781 (W.D. Ky. 2003) (quoting 15 U.S.C. § 1681(a)). "The FCRA places distinct obligations on three types of entities: (1) consumer reporting agencies; (2) users of consumer reports; and (3) furnishers of information to consumer reporting agencies." *Id.* at 782.

WFI admits that it is a furnisher of information for purposes of the FCRA. (D.N. 25, PageID # 114) The obligations of a furnisher of information are explained in 15 U.S.C. § 1681s-2 and include the responsibility to refrain from reporting inaccurate information and to correct inaccurate information. A consumer is authorized by § 1681s-2(b) to "bring a private cause of

action against a furnisher of credit information for either negligent, § 1681o, or willful, § 1681n, violations of the FCRA."[1] *Stafford*, 262 F. Supp. 2d at 783. Additionally, the FCRA "recognizes that a consumer may still bring an action proceeding under state common law for defamation, slander or invasion of privacy, but only if the consumer proves malice." *Id.* at 782.

Rice asserts four claims against WFI: (1) negligence, (2) defamation, (3) negligent violation of the FCRA, and (4) willful violation of the FCRA. WFI argues that the negligence and defamation claims are preempted by the FCRA and that Rice has failed to allege sufficient facts to support her FCRA claims. (D.N. 25) WFI also argues that Rice should not be allowed to file a second amended complaint because she has already been allowed to amend once and the proposed amendment is futile. (D.N. 34) Because neither Rice's amended complaint nor the proposed second amended complaint states a plausible claim for relief under the FCRA, the Court does not reach the merits of her state law claims.

    A.    **FCRA Claims**

Rice asserts two claims under § 1681s-2(b): negligent violation of the FCRA and willful violation of the FCRA. (*See* D.N. 24, PageID # 107-08) According to WFI, these claims are not viable because Rice failed to plead facts supporting an essential element of the claims, namely, that WFI took improper actions after it received notice from Trans Union of Rice's dispute. (D.N. 34, PageID # 185-86) The Court agrees.

Subsection (b)—the heading of which is "Duties of furnishers of information upon notice of dispute"—defines obligations that arise after a furnisher of information receives notice from a consumer reporting agency "of a dispute with regard to the completeness or accuracy of any

---

[1] The parties agree that 15 U.S.C. § 1681s-2(a) does not permit a consumer to bring a private cause of action; although subsection (a) is cited in the complaint, Blair states that she did not assert a claim under that subsection. (*See* D.N. 33, PageID # 174)

information provided by" the furnisher to the agency. 15 U.S.C. § 1681s-2(b); *see* § 1681i(a)(2) (describing notice of dispute). These obligations are not triggered by notice from a consumer that a dispute exists. *See Stafford*, 262 F. Supp. 2d at 784 ("[A] furnisher of credit information . . . has no responsibility to investigate a credit dispute until *after* it receives notice from a consumer reporting agency. Under the statutory language, notification from a consumer is not enough."). Thus, WFI can only be liable under § 1681s-2(b) for actions taken after Trans Union notified it of Rice's dispute.

The amended complaint does not allege that WFI acted improperly after receiving notice of the dispute from Trans Union. Instead, it simply asserts that WFI's "false reporting to Trans Union of Plaintiff's alleged delinquency" and its "continuing failure to correct its false reporting to Trans Union of Plaintiff's alleged delinquency" amounted to willful and negligent noncompliance with the FCRA. (D.N. 24, PageID # 107-08) These allegations do not "allow[] the [C]ourt to draw the reasonable inference that [WFI] is liable for" a violation of § 1681s-2(b), as there is no indication that WFI had a duty under the statute at the time it took the complained-of actions. *Iqbal*, 556 U.S. at 678.

Rice's proposed second amended complaint is similarly deficient. In it, Rice asserts that "[i]n or about February 2014, [she] disputed the alleged delinquency with Trans Union pursuant to 15 U.S.C. § 1681i(a)." (D.N. 32-2, PageID # 166) She further alleges, upon information and belief, that Trans Union notified WFI of the dispute within the five-day period required under the FCRA. (*See id.*) However, she adds no allegations concerning any action by WFI taken after it received notice from Trans Union. (*See id.*, PageID # 168-69) The Court thus cannot reasonably infer that WFI is liable under the FCRA, and the requested amendment would be futile. *See SFS Check*, 774 F.3d at 355.

4

### B. Supplemental Jurisdiction

This leaves Rice's state law claims of negligence and defamation. The Court's only basis for subject matter jurisdiction with respect to these claims is 28 U.S.C. § 1367, which authorizes district courts to exercise supplemental jurisdiction over "claims that are so related to claims in the action within [the courts'] original jurisdiction that they form part of the same case or controversy." § 1367(a). Subsection (c) of the statute provides that a court may decline to exercise supplemental jurisdiction if the court "has dismissed all claims over which it has original jurisdiction." § 1367(c). In the Sixth Circuit, there is "a strong presumption against the exercise of supplemental jurisdiction once federal claims have been dismissed"; the Court should retain jurisdiction "'only in cases where the interests of judicial economy and the avoidance of multiplicity of litigation outweigh [the] concern over needlessly deciding state law issues.'" *Packard v. Farmers Ins. Co. of Columbus*, 423 F. App'x 580, 584 (6th Cir. 2011) (citing *Moon v. Harrison Piping Supply*, 465 F.3d 719, 728 (6th Cir. 2006)); *see also Musson Theatrical, Inc. v. Federal Express Corp.*, 89 F.3d 1244, 1255 (6th Cir. 1996) ("After a 12(b)(6) dismissal, there is a strong presumption in favor of dismissing supplemental claims." (citations omitted)).

In this case, the Court finds no reason to retain jurisdiction over Rice's state law claims. The litigation is in its early stages, and neither the Court nor the parties have invested substantial time or effort on the merits of the state law claims. *Cf. Gamel v. City of Cincinnati*, 625 F.3d 949, 951 (6th Cir. 2010). A state court can consider WFI's preemption defense. *See Musson Theatrical*, 89 F.3d at 1256. In short, retention of jurisdiction over Rice's state law claims would not result in a "'substantial savings in judicial resources'" that would "'outweigh the interest in avoiding the unnecessary resolution of state law issues.'" *Packard*, 423 F. App'x at 585 (quoting *DiPiero v. City of Macedonia*, 180 F.3d 770, 790 (6th Cir. 1999)). Nor does the Court anticipate

an "'undue amount of wasted or duplicative effort that will result from having to re-file . . . in state court.'" *Id.* (omission in original) (quoting *DiPiero*, 180 F.3d at 790). Because the Court declines to exercise supplemental jurisdiction over these claims, it will not consider WVI's arguments for their dismissal. *See Axess Int'l v. Intercargo Ins. Co.*, 183 F.3d 935, 943 (9th Cir. 1999) (concluding that "once the district court chose not to exercise supplemental jurisdiction over [the plaintiff's] supplemental state law claims, it lacked the power to adjudicate the merits of th[o]se claims, including [the defendant's] affirmative defense of preemption").

## IV. CONCLUSION

Rice's current complaint does not state a plausible claim for relief under the FCRA, and her proposed second amended complaint suffers from the same deficiency. Accordingly, it is hereby

**ORDERED** as follows:

(1) Defendant's motion to dismiss (D.N. 25) is **GRANTED** with respect to Rice's FCRA claims. These claims are **DISMISSED** with prejudice.

(2) Pursuant to 28 U.S.C. § 1367(c)(3), the Court declines to exercise supplemental jurisdiction over Rice's state law claims. The claims of negligence and defamation are therefore **DISMISSED** without prejudice, and WFI's motion to dismiss is **DENIED** as moot with respect to these claims.

(3) Plaintiff's motion for leave to file a second amended complaint (D.N. 32) is **DENIED**.

(4) This action is **DISMISSED** and **STRICKEN** from the Court's docket.